**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRAVEL LEADERS GROUP HOLDINGS, LLC, and ALTOUR HOLDINGS, LLC<br><br>*Plaintiffs*,<br><br>-against-<br><br>ANTHONY LEE THOMAS,<br><br>Defendant. | Case No. 1:24-cv-01208 (LAP)<br><br>**STIPULATED ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION** |

**WHEREAS**, all the parties to this action (collectively the "Parties" and each individually a "Party"), by and through their respective counsel, have jointly stipulated to the terms of a Stipulated Order Governing the Disclosure of Privileged Information and request that this Court issue an order pursuant to Federal Rule of Evidence 502(d) to protect the disclosure of privileged information made in the above-captioned action (the "Action");

**WHEREAS**, the Court having found that good cause exists for issuance of an order governing disclosure of privileged information made in this Action, and the Parties, through counsel, having stipulated to the following provisions, it is hereby **ORDERED**:

### I.    APPLICABILITY

1.    This Order shall be applicable to and govern all deposition transcripts and/or recordings, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the Parties in this Action, including during expedited discovery as ordered by the Court on March 11, 2024, and including testimony adduced at trial or during any hearing (collectively, "Information").

## II.    PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2.      The production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information, or any other Information.

3.      The production of privileged or work-product protected documents, electronically stored information ("ESI") or Information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Action or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

4.      The producing party must notify the receiving party promptly, in writing, upon discovery that privileged and/or work-product material has been produced.  Upon receiving written notice from the producing party that privileged and/or work product material has been produced, all such information, and all copies thereof, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such information for any purpose, except as provided in paragraph 5, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

5.      The receiving party may contest the privilege or work product designation by the producing party, shall give the producing party written notice of the reason for said disagreement, and shall be entitled to retain one copy of the disputed document for use in resolving the dispute.

In that instance, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material. . In that instance (i.e. where the producing party has produced a document that it subsequently asserts is privileged), the receiving party may not challenge the privilege claim by arguing that the disclosure itself is a waiver of any applicable privilege.  If no such Order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed document shall be returned in accordance with this paragraph

6.      Any analyses, memoranda or notes which were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged or protected work-product, or (b) the Court rules that the information is privileged or protected work-product.  Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged or protected work-product, or (b) the Court rules that the information is not privileged or protected work-product.

7.      Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or Information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

Dated: April 19, 2024

**DAVIS+GILBERT LLP**

/s/ Daniel A. Dingerson_____

Daniel A. Feinstein
Daniel A. Dingerson
Angela M. Dunay
1675 Broadway
New York NY 10019
Phone: (212) 468-4800
Fax: (212) 468-4888
dfeinstein@dglaw.com
ddingerson@dglaw.com
adunay@dglaw.com

*Attorneys for Plaintiffs*

**KRANTZ & BERMAN LLP**

_____

Marjorie E. Berman
Hugh D. Sandler
747 Third Avenue
32nd Floor
New York, NY 10019
Phone: (212) 661-0009
Fax: (212) 661-5009
mberman@krantzberman.com
hsandler@krantzberman.com

*Attorneys for Defendant*

**SO ORDERED**:        04/30/2024

_____
Hon. Loretta A. Preska
United States District Judge